UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIAN COLLINS,  *Plaintiff* )<br>)<br>)<br>v.  )<br>)<br>COSTCO WHOLESALE CORPORATION )<br>*Defendant* )<br>) | CIVIL ACTION NO.:<br>1:22-7950<br><br>SEPTEMBER 19, 2022 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Costco Wholesale Corporation ("Defendant") hereby gives notice of the removal of this action, which is currently pending in the County of New York, captioned *Marian Collins v. Costco Wholesale Corporation*, Civil Docket No. 154667/2022, to the United States District Court for the Southern District of New York. As grounds for removal, Defendant states as follows:

1. Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the proper parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.").

## BACKGROUND

2. Plaintiff Marian Collins ("Plaintiff") filed her Complaint against Defendant ("Complaint") in the County of New York on June 1, 2022. A copy of the Summons and Complaint in the State court action is attached hereto as **Exhibit A**. The Summons

and Complaint were served on Defendant on June 23, 2022.  A copy of the Affidavit of Service in the State court action is attached hereto as **Exhibit B.**

3. In her Complaint, Plaintiff alleges that on November 12, 2021, she tripped and fell on a mat/runner/rug at the entrance to the warehouse while shopping at Defendant's retail store located at 517 East 117th Street, New York, New York. *See* **Exhibit A**, Complaint, ¶ 15. Plaintiff further alleges that she sustained severe and serious injuries as a result of the fall. *Id*. at ¶ 16.  Plaintiff asserts claims of negligence and recklessness against Defendant. *See generally id*. Other than stating she sustained "severe and serious injuries as a result of the fall", Plaintiff did not articulate what her injuries were or the nature or extent of her alleged damages in her Complaint.  As a result, Defendant was not aware of Plaintiff's claimed injuries or damages based on the allegations in her complaint.

## TIMELINESS OF REMOVAL

4. Defendant was served with Plaintiff's Complaint on or about June 23, 2022. *See* **Exhibit B**.

5. This Notice of Removal is timely because it is filed within thirty (30) days after Plaintiff served Defendant with her Bill of Particulars on August 18, 2022 wherein she claimed damages of at least $884,770.00.  *See* U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

6. Plaintiff is a citizen of New York.  Defendant is a citizen of Washington.

7. Complete diversity of citizenship exists in this matter because Defendant is a citizen of a different State from Plaintiff.  *See* 28 U.S.C. § 1332(a).

8. Plaintiff alleges in her complaint that she resides at New York County, State of New York, and as such she is a citizen of New York. *See* **Exhibit A**, Complaint, ¶ 1.

9. At the time of the filing of the Complaint, Defendant was, and currently is, a foreign corporation formed under the laws of the State of Washington with its principal place of business located at 999 Lake Drive, Issaquah, King County, State of Washington 98027. As of the filing date of the Complaint, Defendant's executive officers have directed, controlled, and coordinated the corporation's activities from its corporate headquarters in the State of Washington.  For the purposes of removal, Defendant is not a citizen of New York.

10. There is complete diversity between Plaintiff and Defendant, the proper parties, in this action. *See* 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

11. Based on Plaintiff's allegations in her bill of particulars, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

12. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant is filing this Notice of Removal in the federal district court for the district within which the State court Complaint was filed.

13. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches all process, pleadings, and orders that have been filed, served, or received by Defendant in this action as **Exhibit A**.

14. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Southern District of New York, as the Complaint in this action was filed in New York County.

15. Defendant has given written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of New York County, as required by 28 U.S.C. § 1446(d).

16. In removing this action, Defendant does not intend to waive any rights or defenses to which it is otherwise entitled under the Federal Rules of Civil Procedure.

17. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendant Costco Wholesale Corporation respectfully requests that this action proceed in the United States District Court for the Southern District of New York, as an action properly removed from State court.

>Respectfully submitted by,
>Defendant
>COSTCO WHOLESALE CORPORATION
>By its attorneys,
>
>_____
>Andrew Ferguson, Bar No. AF5154
>COUGHLIN BETKE LLP
>NY OFFICE ADDRESS
>1330 Avenue of the Americas
>Suite 23A
>New York, NY 10019
>
>MAILING ADDRESS
>175 Federal Street
>Boston, MA 02110
>(617) 988-8050
>aferguson@coughlinbetke.com

## **CERTIFICATE OF SERVICE**

  I, Andrew Ferguson, hereby certify that on September 2, 2022, I served a copy of the foregoing notice by mail, postage prepaid upon the parties listed below.

Nicholas Blatti, Esq.
Law Offices of Darren T. Moore, P.C.
171 Madison Ave., Suite 305
New York, New York 10016
(917) 809-7014

                 _____
                 Andrew Ferguson, Esq.