# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MARIAN COLLINS,

                                  Plaintiff.

               -against-

COSTCO WHOLESALE CORPORATION,
                                  Defendant.
------------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates New York County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
2265 5th Ave
New York, NY 10037

County of New York

**To the above-named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        New York, New York
                  June 1, 2022

*Nicholas Blatti*
_____
NICHOLAS BLATTI
**LAW OFFICES OF DARREN T. MOORE P.C.**
Attorneys for Plaintiff
171 Madison Ave, Suite 305
New York, New York 10016
Tel: (917) 809-7014
Fax: (917) 398-1772

TO:
COSTCO WHOLESALE CORPORATION
C T CORPORATION SYSTEM
28 LIBERTY ST.,
NEW YORK, NY, 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
MARIAN COLLINS,

                              Plaintiff.

    -against-

COSTCO WHOLESALE CORPORATION,

                              Defendant.
------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

       Plaintiff **MARIAN COLLINS**, by her attorneys, **LAW OFFICES OF DARREN MOORE P.C.**, complaining of the Defendant, respectfully alleges, upon information and belief:

       1.      The Plaintiff, **MARIAN COLLINS**, was and still is a resident of the County of New York, State of New York.

       2.      That this cause of action falls within one or more exemptions set forth in CPLR §§ 1601 and 1602.

       3.      That at all times hereinafter alleged, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION,** was and still is a Domestic Corporation duly organized and existing under the laws of the State of New York and duly authorized to conduct business within the State of New York.

       4.      That at all times hereinafter alleged, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION,** maintained a principal place of business in the County of New York, State of New York.

5. That at all times hereinafter alleged, and upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION,** owned the subject premises/complex, and appurtenances, mats/runners/rugs and fixtures attached thereto, principally located at 517 E 117th Street, New York, NY hereinafter referred to as the "Premises".

6. That at all times hereinafter alleged, and upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION,** maintained the subject premises.

7. That at all times hereinafter alleged, and upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION,** operated the subject premises.

8. That at all times hereinafter alleged, and upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION,** controlled the subject premises.

9. That at all times hereinafter alleged, and upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION,** managed the subject premises.

10. That at all times hereinafter alleged, and upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION,** arranged the subject premises.

11. That at all times hereinafter alleged, and upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION,** repaired the subject premises.

12. That at all times hereinafter alleged, and upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION,** inspected the subject premises.

13. That at all times hereinafter alleged, and upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION,** was the managing agent of the subject premises.

14. That on or prior to November 12, 2021, and upon information and belief, Defendant **COSTCO WHOLESALE CORPORATION,** was in possession and control of, and through its

agents, licensees, servants and/or employees had full power and authority to operate, manage, conduct, maintain and control the subject premises.

15. That on November 12, 2021, the Plaintiff **MARIAN COLLINS**, was lawfully traversing the Premises when she was caused to trip and fall as a result of a dangerous, defective, raised, lifted, unsecure and hazardous mats/runners/rugs at the entrance of the premise.

16. That on November 12, 2021, as a result of the said incident, Plaintiff **MARIAN COLLINS** was caused to become seriously and permanently injured due to the fall.

17. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

18. That at all times hereinafter mentioned, the Defendants, had a duty to keep the subject premises safely maintained, in a state of good repair and free from all defective, raised, lifted, unsecure and hazardous mats/runners/rugs,and dangerous conditions constituting a danger and menace to persons lawfully and properly upon the subject premises.

19. That at all times hereinafter mentioned, and upon information and belief, the Defendants, failed to properly manage, operate, arrange, maintain, inspect, correct and repair the Premises and thus allowed the defective, raised, lifted, unsecure and hazardous mats/runners/rugs, and dangerous conditions to exist.

20. That at all times hereinafter mentioned, the Defendants, had a duty to warn, barricade, and provide signage to others of any and all defective, raised, lifted, unsecure and hazardous mats/runners/rugs, and dangerous conditions constituting a danger and menace to persons lawfully and properly upon the subject premises.

21. That at all times hereinafter mentioned, and upon information and belief, the Defendants knew or should have known about the defective, raised, lifted, unsecure and hazardous

mats/runners/rugs, and dangerous conditions, failed to correct, warn and/or take proper precautions to protect individuals lawfully and properly upon the Premises and, more particularly, the plaintiff herein.

22. That at all times hereinafter mentioned, and upon information and belief, the Defendants, through its agents, servants, licensees and/or employees caused and created the dangerous, hazardous, defective and raised, lifted, unsecure and hazardous mats/runners/rugs condition at the abovementioned premises.

23. That at all times hereinafter mentioned, and upon information and belief, the Defendants, through its agents, servants, licensees and/or employees, had actual notice of the dangerous, hazardous, defective and trap-like condition at the abovementioned premises.

24. That at all times hereinafter mentioned, and upon information and belief, the Defendants, through its agents, servants, licensees and/or employees, had constructive notice of the dangerous, hazardous, defective and trap-like condition at the abovementioned premises.

25. That at all times hereinafter mentioned, and upon information and belief, the Defendants, failed to properly correct, remedy, repair the dangerous, defective, hazardous condition at the aforementioned subject premises.

26. That at all times hereinafter mentioned, and upon information and belief, the Defendants, failed to give proper warning and take the necessary precautions to protect persons lawfully upon the subject premises, Plaintiff in particular.

27. That on or prior to November 12, 2021, and upon information and belief, Defendant **COSTCO WHOLESALE CORPORATION,** was in possession and control of, and through its agents, licensees, servants and/or employees had full power and authority to operate, manage, conduct, maintain and control the subject premises.

28. That the Defendant, in failing to exercise reasonable care in the performance of their duties, contractual and otherwise, and in doing so launches a force or instrument of harm; Plaintiff detrimentally relies on the continued performance of the Defendant's duties; Defendant has entirely displaced any and all party's duty to maintain the premises safely.

29. That as a result of the negligence, carelessness, and culpable acts of the defendants and the accident described above, Plaintiff, **MARIAN COLLINS**, was caused to sustain severe personal injuries and was rendered sick, sore, lame and disabled, was denied quality and enjoyment of life and did incur and will continue to incur medical expenses as a result and has and will sustain economic damages in a sum in excess of the jurisdictional limits of all lower courts existing in the State of New York.

**WHEREFORE**, Plaintiff demand judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:   New York, New York
         June 1, 2022

                                        Yours, etc.

                                        *Nicholas Blatti*

                                        _____
                                        NICHOLAS BLATTI
                                        **LAW OFFICES OF DARREN T. MOORE P.C.**
                                        Attorneys for Plaintiff
                                        171 Madison Ave, Suite 305
                                        New York, New York 10016
                                        Tel: (917) 809-7014
                                        Fax: (917) 398-1772

STATE OF NEW YORK}

COUNTY OF NEW YORK}

## VERIFICATION

**Marian Collins**, being duly sworn, deposes and says that I have read the annexed verified complaint and its contents; and the same are true as to my knowledge, except as to those matters stated to be alleged upon information and belief; and as to those matters therein not stated upon my knowledge, is based upon fact and records and other pertinent information contained in my personal life.

Dated: New York, NY

May 20, 2022

X _____
Marian Collins

Sworn to before me this

20 day of May, 2022.

_____
Notary Public

DARREN MOORE
Notary Public, State of New York
No: 02MO6323887
Qualified in New York County
Commission Expires April 27, 20__

THE LAW OFFICES OF DARREN T. MOORE PC
171 Madison Avenue, Suite 305
New York, NY 10016
Tel: 917-809-7014

Index No.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARIAN COLLINS,

                                          Plaintiff.

                                    -against-

COSTCO WHOLESALE CORPORATION,
                                                Defendant.

**SUMMONS AND VERIFIED COMPLAINT**

**LAW OFFICES OF DARREN MOORE PC**
*Attorneys for Plaintiff*
**171 Madison Ave, Suite 305**
**New York, New York 10016**
**(917) 809-7014**

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

*Nicholas Blatti*

NICHOLAS BLATTI
**LAW OFFICES OF DARREN T. MOORE P.C.**
Attorneys for Plaintiff
171 Madison Ave, Suite 305
New York, New York 10016
Tel: (917) 809-7014
Fax: (917) 398-1772